NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL FISCUS, | |
| Plaintiff, | HON. JEROME B. SIMANDLE |
| v. | Civil Action No. 03-1328 (JBS) |
| COMBUS FINANCE AG, et al. | |
| Defendants. | **MEMORANDUM OPINION** |

**SIMANDLE,** District Judge:

This matter comes before the Court upon the motion of
Defendant Rolf Schnellmann ("Schnellmann") for leave to file an
interlocutory appeal pursuant to 28 U.S.C. § 1292(b). [Docket
Item No. 45.]  The Court has considered the parties' submissions
in support of, and opposition to, Schnellmann's motion [Docket
Item Nos. 42, 48, and 49].  The principal issue presented is
whether this Court should certify the Court's denial of
Schnellmann's motion to dismiss for interlocutory appeal.  See
Fiscus v. ComBus Finance AG, No. 03-1328 (D.N.J. June 20,
2006)("Fiscus II").  Specifically, Schnellmann argues that this
Court's July 20, 2006 Order -- finding that the Court had
personal jurisdiction over Schnellmann and this matter should not
be dismissed based on the doctrine of forum non conviens -
involves a controlling question of law as to which there is a

1

substantial ground for difference of opinion and that allowing immediate appeal from the Order would materially advance the termination of this matter.

**THE COURT FINDS** as follows:

1. Because the parties to this case are familiar with its underlying facts, the Court will included only a brief summary of the relevant facts. Plaintiff, Michael Fiscus ("Fiscus") is a citizen and resident of the State of New Jersey, who on March 26, 2003 filed a complaint against six defendants alleging securities fraud, common law fraud, breach of fiduciary duty and negligence related to a failed deal to purchase securities held by Fiscus. The defendants were the potential purchasers of the securities as well as the potential purchasers' principals, advisors and counsel. Schnellmann, a citizen of the Swiss Confederation, was named as a defendant, serving as the broker to the transaction and a principal of Global Research AG (one of the potential purchasers.)

2. On July 22, 2004, this Court issued an Opinion and Order dismissing two of the six defendants (Flurin Von Planta and Global Research A.G.)[1] for lack of personal jurisdiction. See Fiscus v. ComBus, Finance AG, No. 03-1328 Slip. Op. at 14 (D.N.J.

---

[1] Von Planta served principally as counsel to Schnellmann's company, the potential buyer of the securities. Global Research A.G. was an entity that was a potential buyer of the securities.

2

July 22, 2004)(<u>Fiscus I</u>).  On September 23, 2005, Schnellmann
moved for dismissal for: (1) lack of personal jurisdiction
pursuant to Fed. R. Civ. P. 12(b)(2); (2) under the doctrine of
<u>forum</u> <u>non</u> <u>conveniens</u>; and (3) based on a forum selection clause
contained in an escrow agreement.  On June 20, 2006, this Court
entered an Order and Opinion denying Schnellmann's motion to
dismiss.  <u>See</u> <u>Fiscus II</u>, No. 03-1328, Slip Op. at 2.  Schnellmann
now seeks leave to file an interlocutory appeal pursuant to 28
U.S.C. § 1292(b) and for this Court to certify its denial of
Schnellmann's motion to dismiss.

      3.   Under 28 U.S.C. § 1292(b), interlocutory review is
appropriate if the appeal (1) involves a controlling question of
law; (2) there is a "substantial ground for difference of
opinion" about that question of law; <u>and</u> (3) where immediate
appeal may materially advance the ultimate termination of the
litigation.[2]  <u>See</u> <u>Katz v. Carte Blanche Corp.</u>, 496 F.2d 747, 754

_____

      [2] Section 1292(b) ("Interlocutory decisions") states, in
pertinent part:

      When a district judge, in making in a civil action an
      order not otherwise appealable under this section, shall
      be of the opinion that such order involves a controlling
      question of law as to which there is substantial ground
      for difference of opinion and that an immediate appeal
      from the order may materially advance the ultimate
      termination of the litigation, he shall so state in
      writing in such order. The Court of Appeals which would
      have jurisdiction of an appeal of such action may
      thereupon, in its discretion, permit an appeal to be
      taken from such order, if application is made to it
      within ten days after the entry of the order . . . .

(3d Cir. 1974).  This test is inclusive (i.e., to be successful a moving party must demonstrate that all three criteria are met.)  Interlocutory appeal under Section 1292(b), however, is to be "used sparingly" and only in "exceptional circumstances" that justify a departure from the basic policy of postponing review until the entry of the final order.  Hulmes v. Honda Motor Co., 936 F. Supp. 195, 208 (D.N.J. 1996) aff'd 141 F.3d 1154 (3d Cir. 1998)(citing 16 Charles A. Wright, et al., Federal Practice and Procedure, § 3929 at 132 (1977)); see also Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478, 480 (1977).[3]  As such, even if a moving party meets all three criteria under Section 1292(b), the district court may still deny certification as the decision is entirely within the district court's discretion.  See Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976).

    4.  Schnellmann argues that this Court should grant his motion for leave to file interlocutory appeal for four reasons.

---

28 U.S.C. § 1292(b).

    [3] Appeals under Section 1292(b), "like an appeal under [Fed. R. Civ. P.] 54(b), is necessarily a deviation from the ordinary policy of avoiding 'piecemeal appellate review of trial court decisions which do not terminate the litigation.'" Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1001 (D.N.J. 1996) (citing United States v. Hollywood Motor Car Co., 458 U.S. 263, 265 (1982)); see also In re Ford Motor Co. Ignition Switch Prod. Liab. Litig., 1999 U.S. Dist. LEXIS 22891, *14 (D.N.J. July 27, 1999).

(Def.'s Br. at 3.)   First, Schnellmann argues that, because this Court's decision "was based on two decisions of sister district courts"[4] which were not the subject of appellate review, the issue of whether or not these two decisions support or mandate this Court's decision is "a controlling question of law as to which there is a substantial ground for difference of opinion." (Id.)   Second, Schnellmann argues that this case is "ripe for appellate review" because the Court had earlier granted the motion of two of Schnellmann's co-defendants (Von Planta and Global Research AG) to dismiss but denied Schnellmann's motion. (Id.)   Third, Schnellmann argues that certification of appeal has the potential of conserving a substantial amount of court resources since this case will end if the Court's decision to deny the motion is reversed.   (Id.)   Finally, Schnellmann argues that, since Schnellmann has "made no appearance on the merits in this matter and no significant litigation progress has been made," allowing an appeal will have "no significant prejudicial effect on Plaintiff."   (Id. at 4.)

5.   The Court must first address the question of whether Schnellmann has established the existence of a "controlling question of law."   The Third Circuit Court of Appeals has held

---

[4] Defendant refers to Dale v. Banque SCS Alliance S.A., 2005 U.S. Dist. LEXIS 20967 *14-15 (S.D.N.Y. 2005) and Kultur Int'l Films, Ltd. v. Covenant Gordon Pioneer, FSP., Ltd., 860 F. Supp. 1055 (D.N.J. 1994).

that a "controlling question of law" is one in which, either: (1) if decided erroneously, would lead to reversal on appeal; or (2) is "serious to the conduct of the litigation either practically or legally." <u>See</u> <u>Katz</u>, 496 F.2d at 755 (citations omitted); <u>see</u> <u>Public Interest Research Group of N.J., Inc. v. Hercules, Inc.</u>, 830 F. Supp. 1549, 1554 (D.N.J. 1993). Courts in this District have held, although a question appears to be a controlling question of law, questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of Section 1292(b). <u>See</u> <u>Kapossy</u>, 942 F. Supp. at 1001. Specifically, the <u>Kapossy</u> court held that Section 1292(b) "was never intended to put before the courts of appeals . . . 'legal' question[s], in which the exercise of the district court's discretion is necessarily intertwined with its understanding of the facts of the case . . . ." <u>Id.</u>

6. This Court is not persuaded that Schnellmann has presented a "controlling question of law" as to either the Court's conclusions regarding personal jurisdiction or <u>forum non conviens</u>. In fact, Schnellmann does not appear to dispute the applicable legal standards the Court applied regarding either personal jurisdiction or <u>forum non conviens</u>. Rather, Schnellmann takes issue with the Court's application of the law of this Circuit to the facts of this case.

6

7.  With respect to the personal jurisdiction issue, the
legal standard enunciated in <u>Kultur</u> - that a court may exercise
specific jurisdiction over a nonresident defendant after finding
"some act by which the defendant purposefully availed itself of
the privilege of conducting activities within the forum" - is not
novel or unique.  <u>Kultur</u>, 860 F. Supp. at 1061 (quoting <u>Mellon
Bank (East) PSFS, N.A. v. DiVeronica Bros.</u>, 983 F.2d 551, 554 (3d
Cir. 1993)).  Rather, the Court analogized to the factual
situation in <u>Kultur</u> in order to demonstrate the Third Circuit's
position that, while telephone communication alone does not
trigger personal jurisdiction, contract negotiations in the forum
can empower a court to exercise personal jurisdiction.  <u>See
Fiscus II</u>, slip op. at 11 (citing <u>Grand Enter. Group, Ltd. v.
Star Media Sales, Inc.</u>, 988 F.2d 476 (3d Cir. 1993)).  As such,
whether the <u>Kultur</u> decision supports or mandates the Court's
decision is not a "controlling question of law."

8.  With respect to the <u>forum non conviens</u> issue,
Schnellmann's argument that a controlling issue of law exists is
equally unpersuasive.  Again, Schnellmann does not appear to take
issue with the Court's statement of the applicable legal
standard, namely that a defendant arguing for dismissal on <u>forum
non conviens</u> grounds bears the burden of persuasion to
demonstrate the availability of an adequate alternative forum.
<u>See Fiscus II</u>, slip op. at 29 (citing <u>Lacey v. Cessna Aircraft</u>

7

Co., 862 F.2d 38, 43-44 (3d Cir. 1988)).  The Court cites <u>Dale</u> as
an example of where a defendant has failed to carry such a
burden.  <u>Id.</u> at 32 (citing <u>Dale</u>, 2005 U.S. Dist. LEXIS at *14-
15.)  As such, Schnellmann has failed to present a "controlling
question of law" for this Court to certify for interlocutory
appeal.

9.  Next, this Court must address whether Schnellmann has
demonstrated the existence of a "substantial ground for
difference of opinion."  The difference of opinion must be
legally significant (e.g., that courts disagree as to the
applicable legal standard), not merely a difference of opinion as
to the court's discretionary findings or conclusions.  <u>See</u>
<u>Kapossy</u>, 942 F. Supp. at 1001.[5]  A moving party's citation to
numerous conflicting decisions on the same issue, for example,
can constitute a sufficient basis for the finding that
substantial differences of opinion exist.  <u>See</u> <u>White v. Nix</u>, 43
F.3d 374, 378 (8th Cir. 1994)(conflicting and contradictory
opinions provide substantial grounds for a difference of
opinion); <u>see</u> <u>also</u> <u>Oyster v. Johns-Manville Corp.</u>, 568 F. Supp.
83, 88 (E.D. Pa. 1983).

10.  Schnellmann argues that there is a substantial ground

---

[5] <u>See</u> <u>Harter v. GAF Corp.</u>, 150 F.R.D. 502, 518 (D.N.J.
1993)(In order to show a substantial ground for difference of
opinion exists, a moving party must demonstrate that the court
applied one legal standard and that "other courts have
substantially differed in applying that standard.")

8

for difference of opinion because (1) the Court had no basis to distinguish between Schnellmann and Von Planta and (2) an action against Schnellmann cannot move forward fairly without the presence of Von Planta.  (Def.'s Br. at 6-8.)  In his motion papers, however, Schnellmann fails present any grounds for a difference of opinion as to what is the controlling law of this case.  Absent from Schnellmann's argument is mention that this Court failed to apply the correct legal standard or mention that other courts have applied a different legal standards.  Instead, Schnellmann's motion articulates his difference of opinion as to the Court's application of the law to the facts of this case as it relates to the issues of personal jurisdiction and <u>forum</u> <u>non</u> <u>conviens</u>.  A substantial ground for difference of opinion does not exist simply because one court may have supplied the facts of a case to a legal standard in a manner different than another court.

11.  With respect to the personal jurisdiction issue, there is no substantial ground for difference of opinion.  Contrary to Schnellmann's assertions, <u>Fiscus I</u> and <u>Fiscus II</u> are not contradictory decisions and were based on distinct facts and theories of jurisdiction.  In <u>Fiscus I</u>, this Court concluded that the Court lacked jurisdiction over Von Planta because Von Planta was merely acting in the capacity of an attorney whereas, in <u>Fiscus II</u>, the Court held that it had personal jurisdiction over

9

Schnellmann because he acted as a broker and principal to a potential purchaser (not simply as counsel to a party) with extensive contacts with New Jersey.  Also, Von Planta's dismissal and its impact on Schnellmann's ability to litigate the claims at issue has not presented a "substantial ground for difference of opinion."

12.  Likewise, with respect to the <u>forum</u> <u>non</u> <u>conviens</u> issue there is also no substantial ground for difference of opinion. Again Schnellmann does not take issue with this Court's recitation of the applicable legal standard (i.e., that the moving party bears the burden of establishing that there exists an alternative forum in which the plaintiff can obtain relief), but expresses his disagreement with the Court's application of the law to the facts of the case.  A party stating his difference of opinion as to the court's discretionary findings or conclusions does not amount to a substantial ground for difference of opinion.  See <u>Kapossy</u>, 942 F. Supp. at 1001.[6]

### CONCLUSION

Schnellmann has failed to demonstrate that this Court's denial of his motion to dismiss represents such "exceptional

---

[6] Finding that Schnellmann has failed to present either (1) a controlling question of law or (2) a substantial grounds for difference of opinion, this Court need not address the third prong of the Section 1292(b) test (i.e., whether an immediate appeal may materially advance the ultimate termination of the litigation.)

circumstances" that justify departure from the basic policy of
postponing review until the entry of the final order.  For the
foregoing reasons, the accompanying Order will be entered denying
Schnellmann's motion for leave to file an interlocutory appeal.


                                **s/ Jerome B. Simandle**
                                JEROME B. SIMANDLE
                                United States District Judge