[relates to Docket Items 63 and 68]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL FISCUS, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | CIVIL NO. 03-1328 |
| v. | |
| COMBUS FINANCE AG, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Roy D. Ruggerio, Esquire
EARP COHN P.C.
20 Brace Road, 4th Floor
Cherry Hill, NJ 08034
    Attorney for Plaintiff Michael Fiscus

Andrew C. Miller, Esquire
KARASIK & ASSOCIATES, LLC
70 Clinton Avenue
Newark, NJ 07114
    - and -
Sheldon Karasik, Esquire
KARASIK & ASSOCIATES, LLC
28 West 36th Street, Suite 901
New York, NY 10018
    Attorneys for Defendant Rolf Schnellmann

I. **INTRODUCTION**

This matter comes before the Court on the motion of Defendant Rolf Schnellman for summary judgment pursuant to Fed. R. Civ. P. 56 [Docket Item 63], and the opposing motion of Plaintiff Michael Fiscus for a continuance pursuant to Fed. R. Civ. P. 56(f) [Docket Item 68]. Defendant Schnellman moves for summary judgment on three issues: 1) he asks for the case to be

transferred to Switzerland on the grounds that the parties signed a contract with a Swiss forum selection clause, 2) he asks for the case to be transferred on the grounds that an indispensable party has already been dismissed for lack of personal jurisdiction, and 3) he asks for the case to be transferred on *forum non conveniens* grounds.  Plaintiff Fiscus has responded by moving for a Rule 56(f) continuance on the grounds that crucial discovery has not yet been completed.  For the reasons set forth below, the Court denies Plaintiff's 56(f) motion, but allows him twenty days to submit a brief opposing Schnellman's summary judgment motion on the merits, before the Court rules on that summary judgment motion.

## II. BACKGROUND

This case arises out of an alleged agreement in 2000 between Plaintiff and Defendants for Plaintiff to sell 100,000 shares of eVentures stock to Defendants for $1 million.  Plaintiff claims that he has transferred the shares but has yet to receive any payment.  (Compl. Para 19, 21, 23.)  The motions presently before the Court center on a dispute regarding the authenticity of Plaintiff's signature on a contract titled "the Sales Agreement" ("Sales Agreement") finalizing the terms of the stock sale.  The Sales Agreement contains a forum selection clause naming Switzerland as the forum to litigate all disputes regarding the stock sale.  (Def.'s Br. in Supp. of Summ. Judg. Mot. at Ex. G.)

Defendant claims the Sales Agreement governs the dispute (id. at 12-20) but Plaintiff argues that the Sales Agreement is not valid because his signature is forged. (Pl.'s Certif. in Supp. of Rule 56(f) Mot. Para 3.)

Plaintiff has been denying the authenticity of his signature on the Agreement since Defendant Schnellman's motion for dismissal before the Court in 2006. Fiscus v. Combus Finance AG, No. 03-1328, 2006 WL 1722607, at *11 (D.N.J. June 20, 2006)(the "June 2006 Opinion"). In the June 2006 Opinion, the Court held that Plaintiff's allegations had to be taken as true at the motion to dismiss stage of the proceedings, but cautioned that if in the course of discovery Defendant Schnellman was able to establish the authenticity of the Sales Agreement, the Court would revisit the issue. Id.

Plaintiff's attorney from the time of the stock sale, Mr. Stephen Dennis ("Dennis"), has since been deposed. During his deposition, Dennis stated that he did not sign Plaintiff's name on the Sales Agreement, and that he did not know who did sign Plaintiff's name on it. (Dennis Dep. Tr. at 30 in Def.'s Br. in Supp. of Summ. Judg. Mot. at Ex. F.) Plaintiff Fiscus has also since been deposed, and testified that he did not recall ever having received the signed Sales Agreement, and that his signature on the Agreement was forged. (Fiscus Dep. Tr. at 99 - 100 in Def.'s Br. in Supp. of Summ. Judg. Mot. at Ex. K.)

3

As of the present day, Plaintiff is still unable to substantiate his claim that his signature on the Agreement is forged beyond mere assertions.  On October 19, 2006 the Court issued a Scheduling Order establishing January 31, 2007 as the deadline for all discovery regarding the authenticity of the Agreement.  [Docket Item 56.]  On January 29, 2007, Plaintiff wrote to the Court requesting a two-week extension of the discovery deadline, (Def.'s Br. in Opp. to Pl.'s Rule 56(f) Mot. at Ex. C), and the extension was granted.  In the present Rule 56(f) motion, Plaintiff again asks for a continuance to extend time for discovery regarding the authenticity of the Agreement.  Plaintiff now asks for more time in order to 1) obtain a handwriting expert to analyze the authenticity of his signature on the Agreement, and 2) depose Defendant Schnellman in order to obtain information about the circumstances surrounding the Agreement.  (Pl.'s Certif. In Supp. of Rule 56(f) Mot. Para 7.)

III. **DISCUSSION**

By "its very nature, the summary judgment process presupposes the existence of an adequate record." Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007).  Thus both parties must have an opportunity to conduct discovery and if upon a motion for summary judgment, the non-moving party contends that additional discovery is required, that party must file a motion under Fed. R. Civ. P. 56(f).  Id. (citing Dowling v. City

4

of Philadelphia, 855 F.2d 136, 139 (3d Cir. 1988)).  Under Rule 56(f), a party may oppose a motion for summary judgment by submitting an affidavit that sets forth good reasons why the party cannot submit a reply brief justifying the party's opposition to the motion.[1]  See Robert E. Bartkus, N.J. Federal Civil Procedure § 8-12:4, at 212-13 (1999).  Upon review of a Rule 56(f) affidavit, the court may refuse to entertain the pending summary judgment motion or may order a continuance to permit additional discovery.  "[W]here the facts are in possession of the moving party a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course."  Miller v. Beneficial Mgmt. Corp., 977 F.2d 834, 846 (3d Cir. 1992)(quoting Sames v. Gable, 732 F.2d 49, 51 (3d Cir. 1984)); Doe, 480 F.3d at 257.  This is "particularly so when there are discovery requests outstanding or relevant facts are under the control of the moving party."  Doe, 480 F.3d at 257 (citing Ward v. United States, 471 F.2d 667, 670 (3d Cir. 1977)).

---

[1] Rule 56(f) specifically provides that:

> Should it appear from the affidavits of a party opposing . . . [a summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

However, in deciding whether to grant a Rule 56(f) motion, the Court must consider "what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not been previously obtained." San Filippo v. Bongiovanni, 30 F.3d 424, 432 (3d Cir. 1994); see also Dowling, 855 F.2d at 139-30. "[I]f a court determines that the non-moving party has been afforded sufficient time for discovery, then the court can require that party to proffer its evidence and proceed with the motion." Bartkus, N.J. Federal Civil Procedure § 8-12:4 at 213.

The decision to grant a Rule 56(f) motion lies in the sole discretion of the district court. See San Filippo, 30 F.3d at 432; see also Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986)("[D]istrict judge's refusal to postpone consideration of defendant's summary judgment motion was well within the range of permissible discretion" under the circumstances of that case). Moreover, a request for relief under Rule 56(f) is "extremely unlikely to succeed" when the party seeking the delay "has failed to take advantage of discovery." Koplove, 795 F.2d at 18 (quoting 10A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 2741 at 553(1983))("To require less is to deprive trial judges of the ability to effectively manage the cases on their overcrowded dockets."). Moreover, a Rule 56(f) continuance is not appropriate if the motion is either "based on pure speculation and raise[s] merely colorable claims" or if the non-

6

moving party "has the information it seeks in its own possession or can get it from a source other than the movant." SEC v. Antar, 120 F. Supp. 2d 431, 440 (D.N.J. 2000)(internal quotations and citations omitted).

In the instant case, Plaintiff has explained what information he seeks, as is required by San Filippo, supra. He claims he needs more time to 1) obtain a handwriting expert to examine the authenticity of his signature on the Sales Agreement, and 2) depose Defendant Schnellman in regards to the circumstances surrounding the Sales Agreement. (Pl.'s Certif. In Supp. of Rule 56(f) Mot. Para 7.) Plaintiff also explains, as is required by San Filippo, how this information, if obtained, would potentially oppose Defendant's summary judgment motion. He claims that a handwriting expert and Schnellman's deposition will substantiate Plaintiff's claim that the Sales Agreement and its Swiss forum selection clause is not valid because his signature is forged. (Id. at Para 8, 18.) But what Plaintiff does not adequately explain, and San Filippo requires, is why the information he now seeks time to obtain through a Rule 56(f) continuance has not been obtained previously.

Plaintiff presents no reason as to why he has not thus far obtained a handwriting expert to analyze his signature on the Sales Agreement. He has had since October of 2006, when the discovery clock began to tick, [Docket Item 56], to retain such

7

an expert and obtain the expert's opinion.  Neither common sense nor evidence in the record suggest any particular difficulty Plaintiff may have had in obtaining a hand-writing expert; and common sense does suggest that such an expert could have quickly put an end to this dispute over the authenticity of the signature on the Sales Agreement.  Indeed, Plaintiff had all of the components necessary to obtain evidence that his signature on the Sales Agreement was a forgery – the Sales Agreement and samples of his own signature.  Such information appears to be precisely the type of information the <u>Antar</u> court contemplated in holding that a Rule 56(f) continuance was inappropriate.  <u>Antar</u>, 120 F. Supp. 2d at 440.  Because Plaintiff does not present any reason as to why he has failed to obtain such an expert in the extensive time that has been allowed, the Court finds his Rule 56(f) application to be inadequate in this regard.

   The Court acknowledges that if Plaintiff's Rule 56(f) affidavit seeking additional discovery turned only on Plaintiff's need to depose Defendant Schnellman, this motion might present a very close call.  Yet while Plaintiff presents reasons as to why he has not yet deposed Defendant Schnellman, the Court also finds these reasons to be inadequate.  Fiscus sent Schnellman a notice of intent to depose in January 2007.  (Pl.'s Certif. In Supp. of Rule 56(f) Mot. at 14-15.)  But for the four or five months following such notice, the parties have disagreed over where the

deposition should take place – Plaintiff seeks to have the deposition in New Jersey or New York, (id.; Pl.'s Reply Br. at 2-3), while Defendant only offers to have the deposition in Switzerland or via telephone, (Def.'s Br. in Opp. to Pl.'s Rule 56(f) Mot. at 2).  After this disagreement came to light, Plaintiff did not act further to try to obtain Defendant's deposition.  Plaintiff claims that he did not do more to obtain the deposition because he was under the impression that Schnellman would voluntarily submit to a deposition in New York, based on an alleged agreement struck between the two before the Court in March 2007.  (Pl.'s Reply Br. at 8.)  There is no evidence in the record to substantiate the claim that Defendant definitively agreed to this.  In any event, Plaintiff could have moved at any time since October 2006 for the Court to compel Defendant's deposition.  Fed. R. Civ. P. 37.  As this Court noted in Rosenberg v. JCA Assoc. Inc., Civ. No. 03-0274, 2007 U.S. Dist. LEXIS 23570, at *26 (D.N.J. Mar. 30, 2007), "If Plaintiffs were having difficulty obtaining discovery from Defendants the proper course of action would have been to file a motion to compel . . . ."  In the alternative, Plaintiff could also have agreed to take Defendant's deposition in Switzerland or by phone, in order to facilitate the discovery process.  In failing to act, Plaintiff did not make good use of the time allotted for discovery.  And as the Third Circuit Court of Appeals noted in

9

Koplove v. Ford Motor Co., "[a] request for relief under Rule 56(f) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery." 795 F.2d at 18 (quoting 10A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 2741 at 553 (1983)).

Plaintiff's case is distinct from that of Doe v. Abington Friends Sch., in which the Third Circuit remanded the district court's denial of a Rule 56(f) continuance. 480 F.3d at 254. In Doe, the plaintiffs both had not been given any opportunity to conduct key discovery, and submitted in their 56(f) affidavit six areas of inquiry within which discovery relating to the key issue was needed. Id. at 254, 258. By contrast, Plaintiff Fiscus both has been afforded discovery time beyond multiple deadlines, and has failed to present any meritorious reasons for yet again extending discovery now.

Accordingly, the Court denies Plaintiff's 56(f) motion, but allows him to proffer at this time any evidence he may have to establish that there is a genuine issue of material fact. See Brown v. Our Lady of Lourdes Med. Ctr., 767 F. Supp 618, 628 (D.N.J. 1991)(". . . [T]he court finds that sufficient discovery has been provided to [Plaintiff] to allow him to oppose this motion. He must now come forward with any facts in his possession from which the court could conclude that there is a genuine issue of material fact for trial."); Bartkus, N.J.

Federal Civil Procedure § 8-12:4 at 213.  This effectively extends by more than four months the time when Plaintiff's opposition brief and affidavit were otherwise due, from April 4, 2007 until twenty days from today.  The Court thus allows Fiscus twenty days to file a brief and admissible evidence by way of deposition, affidavit or the like, opposing Defendant's motion on the merits.

### IV. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff Fiscus' Rule 56(f) motion for a continuance, but grants him twenty (20) days to file a brief opposition on the merits to Defendant Schnellman's motion for summary judgment.


**August 10, 2007**                               **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                  U.S. District Judge

11