[relates to Docket Item #62]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MICHAEL FISCUS,

          Plaintiff,

    v.

COMBUS FINANCE AG, a Swiss
Corporation, d/b/a COMBUS
GmbH, d/b/a THE COMBUS GROUP;
ROLF SCHNELLMANN; MULTIFORUM
AG, a Swiss Corporation; ROLF
HAENNI a/k/a ROLF HANNI

          Defendants.

HON. JEROME B. SIMANDLE

Civil Action
No. 03-1328 (JBS)

**OPINION**

**APPEARANCES**:

Roy D. Ruggiero, Esq.
EARP COHN, PC
20 Brace Road
4th Floor
Cherry Hill, NJ 08034
    Attorney for Plaintiff

Andrew C. Miller, Esq.
KARASIK & ASSOCIATES, LLC
70 Clinton Avenue
Newark, NJ 07114
    Attorney for Defendant Schnellmann

**SIMANDLE**, District Judge:

## I.   INTRODUCTION

In this action, Plaintiff Michael Fiscus filed suit against

three Swiss nationals – Rolf Schnellmann ("Schnellmann"), Flurin

von Planta ("von Planta"), and Rolf Haenni ("Haenni") – and three

Swiss corporations – ComBus Finance AG ("ComBus"), Global

Research AG ("Global Research"), and Multiforum AG ("Multiforum")

[Docket Item 1].  The plaintiff's complaint arises out of a
transaction in which Mr. Fiscus allegedly tendered to defendants
shares of stock in a company called eVentures Group, Inc.
("eVentures") but did not receive payment from the defendants.
The complaint contains allegations of securities fraud, common
law fraud, breach of contract, breach of fiduciary duty, and
negligence.  (Compl. ¶¶ 26-45.)  In its July 22, 2004 Opinion and
Order [Docket Items 13 and 14], the Court dismissed defendants
von Planta and Global Research for lack of personal jurisdiction.
The Court subsequently denied Schnellmann's motion to dismiss for
lack of personal jurisdiction, finding that, unlike von Planta
and Global Research, Schnellmann had purposefully availed himself
of the privilege of conducting business in New Jersey [Docket
Items 37 and 38].

        Presently before the Court is Schnellmann's motion for
summary judgment [Docket Item 62].  Plaintiff responded to
Schnellmann's motion by moving for a continuance pursuant to
Federal Rule of Civil Procedure 56(f) [Docket Item 68].  On
August 10, 2007, the Court denied Plaintiff's motion for a
continuance, noting that Plaintiff had been afforded ample
discovery time and had failed to present any explanation to
justify his request for additional time, but gave Plaintiff
twenty additional days to submit evidence and arguments in
opposition to Schnellmann's motion.  [Docket Items 73 and 74].

To this date, Plaintiff has not submitted any evidence or
additional arguments in opposition to Schnellmann's summary
judgment motion, and in its September 17, 2007 letter, the Court
informed the litigants that it would consider Schnellmann's
motion unopposed and address it on the merits.  For the following
reasons, the Court will dismiss Plaintiff's claims against
Schnellmann.

**II.  BACKGROUND**

    **A.  Facts**

In 1999, Plaintiff was in possession of more than 2,000,000
shares of stock in eVentures, a company at which he had at
certain times served as an officer.  (Compl. ¶¶ 1, 11.)  Because
the stock was not registered under United States securities laws,
Plaintiff's ability to transfer the shares was subject to various
restrictions imposed by the securities laws.  (Id. at ¶ 11.)
When Plaintiff sought to sell some of his shares in eVentures and
began looking for a buyer who was willing to purchase the stock
subject to these restrictions, Peter Schnellmann, who performed
accounting work for eVentures, informed Plaintiff that his
brother, Rolf Schnellmann, might be interested in purchasing the
stock.  (Schnellmann's Statement of Material Facts ¶ 1.)  Fiscus
and Rolf Schnellmann met once in New York City to discuss the
potential sale of Fiscus' stock.  (Id. at ¶ 2.)

3

Between late 1999 and May 2002, Plaintiff and the defendants engaged in a series of negotiations concerning the sale of the stock. (Compl. ¶ 12.)  At first, it was Plaintiff's impression that Multiforum and Haenni, who Plaintiff believes was an officer or principal at Multiforum, would purchase the eVentures stock. (Id. at ¶¶ 7, 13.)  For reasons that are not entirely clear in the record, Plaintiff claims that in March 2000, he was informed by Schnellmann, von Planta, and ComBus that there were "problems with Haenni," and that Multiforum would not purchase Plaintiff's shares.[1]  (Id. at ¶ 14.)  Instead, the parties determined that Global Research would act as the escrow agent for the sale and would purchase the shares from Fiscus for investment.  (Id. at ¶ 16; Schnellmann's Statement of Material Facts ¶ 4.)  Schnellmann's role in the Fiscus-Global Research transaction was apparently that of acting as a "sales representative."  (Def.'s Br. Ex. F at 25.)

According to Plaintiff, after these lengthy negotiations, he entered into a written agreement (the "Letter Agreement") with Global Research under which Global Research would purchase from Plaintiff 100,000 shares of eVentures stock for $10 per share, for a total sale price of $1,000,000.00.  (Compl. ¶ 19.)  The Letter Agreement, which was signed by Fiscus and by von Planta on

_____

[1] Plaintiff alleges that both von Planta and Schnellmann represented to Plaintiff that they operated as officers, principals, or controlling persons at ComBus.  (Compl. ¶¶ 3-4.)

behalf of Global Research, contains a clause providing that the Letter Agreement "represents the entire agreement between the parties with respect to the transaction described herein." (Def.'s Br. Ex. L.)  The Letter Agreement also provides that it is to be "governed by and construed in accordance with the laws of the State of Delaware."  (Id.)  The agreement is dated May 17, 2000, and was signed by von Planta on June 9, 2000, and by Fiscus on June 12, 2000.  (Id.)  According to Plaintiff, the Letter Agreement is the "only one contract . . . that matters" to the stock transfer transaction around which this case centers. (Def.'s Br. Ex. K at 29.)

Schnellmann, by contrast, contends that an additional contract was signed by the parties in relation to the stock transfer transaction.  According to Schnellmann, on May 23, 2000, Plaintiff's then-attorney, Stephan Dennis, Esq., sent by facsimile to both Fiscus and Schnellmann an escrow agreement (the "Escrow Agreement") pertaining to the stock transfer transaction. (Schnellmann's Statement of Material Facts ¶ 5.)  The Escrow Agreement identifies Global Research as the escrow agent for the transaction and identifies as the "Sales Representative" a company called Makro Options Trading AG ("Makro").  (Def.'s Br. Ex. G.)  Schnellmann is listed as Makro's representative in the agreement.  (Id.)  The Escrow Agreement contains a forum selection clause providing that the agreement "is subject to

5

Swiss Law" and that the "[e]xclusive place of jurisdiction for both Parties is Zürich." (Id.)  According to Schnellmann, the copy of the Escrow Agreement sent by facsimile by Mr. Dennis to Schnellmann and Fiscus on May 23 contains Fiscus' signature.[2] (Schnellmann's Statement of Material Facts ¶ 8.)  Plaintiff contends that he never signed the Escrow Agreement and that his signature on the agreement is a forgery.[3]  (Def.'s Br. Ex. K at 72-73.)  Fiscus makes this claim notwithstanding that his own attorney had sent the Escrow Agreement to Schnellmann containing what appears to be Fiscus' own signature.

According to Plaintiff, after the Letter Agreement was signed, he tendered to Defendants 100,000 shares of eVentures stock in compliance with the parties' agreement, but has not received payment for the shares.  (Compl. ¶¶ 21, 23.)  Instead, Plaintiff alleges that between July 2000 and June 15, 2002, "defendants (and particularly defendant Von Planta) sent and made a series of 'lulling' communications by fax, email and telephone" reassuring Plaintiff that they would pay Plaintiff in the near

---

[2]   Schnellmann also subsequently signed the Escrow Agreement.  (Def.'s Br. Ex. J.)

[3]   Despite his repeated allegations that his signature on the Escrow Agreement is a forgery, and his stated intentions to submit into evidence the opinion of an expert regarding the authenticity of the signature, Plaintiff failed to obtain any such evidence between October 2006 and May 2007.

future.  (Id. at ¶ 24.)  The defendants allegedly never followed through on these reassurances and Plaintiff was not paid.

**B.   Procedural History**

On March 26, 2003, Plaintiff filed his complaint in this action, alleging that Schnellmann, von Planta, Haenni, ComBus, Global Research, and Multiforum should be held liable to him for damages resulting from the Defendants' securities fraud, common law fraud, breach of fiduciary duty, and negligence.  (Compl. ¶¶ 26-45.)  In its July 22, 2004 Opinion and Order [Docket Items 13 and 14], the Court granted the motion of defendants von Planta and Global Research to dismiss Plaintiff's claims against them for lack of personal jurisdiction.

After the Court dismissed von Planta and Global Research, Schnellmann moved the Court to dismiss Plaintiff's claims against him for lack of personal jurisdiction.  The Court denied Schnellmann's motion in its June 20, 2006 Opinion and Order [Docket Items 37 and 38], finding that (1) Schnellmann's contacts with the forum warranted the exercise of personal jurisdiction; (2) in light of Fiscus' denial of the genuineness of his signature, there was insufficient evidence that Fiscus had signed the Escrow Agreement to dismiss the case based on the forum selection clause subject to further discovery and hearing on the genuineness issue; and that (3) Schnellmann had failed to prove the adequacy of Swiss courts as a suitable forum to hear

Plaintiff's claim in order to warrant dismissal on forum non conveniens grounds.

On March 20, 2007, Schnellmann filed the motion for summary judgment presently before the Court [Docket Items 61-63].  At Plaintiff's request, on April 27, 2007, the Court issued an Order [Docket Item 67] extending Plaintiff's time to file his opposition to Schnellmann's motion until May 4, 2007.  On May 7, 2007, Plaintiff moved for a continuance pursuant to Federal Rule of Civil Procedure 56(f) in order to afford him additional time for discovery [Docket Item 68].  In its August 10 Opinion and Order [Docket Items 73 and 74], the Court denied Plaintiff's motion, finding that Plaintiff had not presented any reason to explain his failure to perform the discovery in question between October 2006 and May 2007, but affording him twenty additional days to submit his argument and evidence to oppose Schnellmann's motion.  On September 17, 2007, after the twenty-day filing deadline had expired, the Court informed the parties in a letter that it would proceed to address the merits of Schnellmann's motion, and would consider the motion unopposed.[4]  The Court now turns to the merits of that motion.

**III. DISCUSSION**

---

[4]  Plaintiff likewise did not respond to the Court's September 17, 2007 letter.

Schnellmann argues that he is entitled to summary judgment in this action on three separate grounds. First, Schnellmann argues that von Planta, who signed the Letter Agreement on behalf of Global Research, is an indispensable party to this litigation, and because the Court lacks personal jurisdiction over von Planta, Federal Rule of Civil Procedure 19 requires that Plaintiff's suit against Schnellmann be dismissed. Second, Schnellmann reiterates his argument, presented initially in his motion to dismiss, that the Escrow Agreement is genuine and that its forum selection clause controls this litigation and therefore warrants dismissal because the case should be brought in Switzerland. Finally, Schnellmann argues that the doctrine of forum non conveniens requires that Plaintiff pursue this case in Switzerland. The Court agrees with Schnellmann that von Planta is an indispensable party to this case, and, accordingly, will dismiss Plaintiff's claims against Schnellmann.[5]

**A.    Standard for Rule 19 Analysis**

As a preliminary matter, the Court notes that while Schnellmann filed the instant motion as a motion for summary judgment, Schnellmann's argument that the case cannot proceed in the absence of von Planta is better framed as a motion to

---

[5]    Because the Court agrees with Schnellmann's argument that Plaintiff's case against him should be dismissed under F. R. Civ. P. 19, the Court does not address Schnellmann's arguments concerning the Escrow Agreement's forum selection clause and the doctrine of forum non conveniens.

dismiss.  See Marten v. Godwin, 499 F.3d 290, 295 n.2 (3d Cir. 2007) (noting that a summary judgment motion based on the absence of indispensable parties should be considered as a motion to dismiss) (citing Martucci v. Mayer, 210 F.2d 259, 260-61 (3d Cir. 1954)).  Accordingly, because dismissing a claim due to the absence of an indispensable party is "more appropriately done by way of [Rule 12(b)(7)] of the Federal Rules of Civil Procedure, rather than Rule 56," id., the Court will treat Schnellmann's motion as a request for dismissal, not summary judgment.

Rule 12(b)(7) provides that an action may be dismissed due to the plaintiff's failure to join an indispensable party pursuant to Rule 19.  Federal Rule of Civil Procedure 19[6], in

---

[6]  Specifically, F. R. Civ. P. 19 provides in relevant part:

**(a) Persons to be Joined if Feasible**.  A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest . . . .

**(b) Determination by Court Whenever Joinder not Feasible**.  If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it,

10

turn, provides the standard the Court must employ in determining whether a case may proceed without the joinder of certain persons, and requires that the Court undertake a three-part analysis to evaluate the indispensability of the absent parties. The Court must decide (1) whether it is necessary that the absent party be joined; (2) whether it is possible for the absent necessary party to be joined; and (3) if joinder of the absent party is not feasible, whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable."   Id.; see also Prader v. Science Dynamics Corp., No. 99-5303, 2000 U.S. Dist. LEXIS 18666, at *13 (D.N.J. Dec. 19 2000).   "If the party is indispensable, the action therefore cannot go forward."   Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993).   The question of an absent person's indispensability is a fact-specific issue that

---

or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

F. R. Civ. P. 19.

"can only be determined in the context of the particular litigation." Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 118 (1968).

### B.   Von Planta and Global Research are Necessary Parties Under Rule 19(a)

The Court finds that von Planta and Global Research are necessary parties to the instant action because each "claims an interest relating to the subject of the action and is so situated that the disposition of the action in [the party's] absence may [] as a practical matter impair or impede [the party's] ability to protect that interest." F. R. Civ. P. 19(a).  At the heart of this dispute is the Letter Agreement, which, according to Plaintiff, is the "only one contract . . . that matters" to the transaction that is the focus of Plaintiff's case.  (Def.'s Br. Ex. K at 29.)  There is substantial case law to support the proposition that "a contracting party is the paradigm of an indispensable party." Travelers Indem. Co. v. Household Intern., Inc., 775 F.Supp. 518, 527 (D. Conn. 1991) (citing cases); see also Prader, 2000 U.S. Dist. LEXIS 18666, at *14 (noting that "[a]s a direct party to the Contract, [the absentee] is a necessary party for several reasons under Fed. R. Civ. P. 19(a)"); Ryan v. Volpone Stamp Co., Inc., 107 F. Supp. 2d 369, 387 (S.D.N.Y. 2000) ("It is well-established that a party to a contract which is the subject of the litigation is considered a necessary party"); Rashid v. Kite, 957 F. Supp. 70, 74 (E.D.Pa.

12

1997) ("Generally, in breach of contract actions, all parties to the contract should be joined"); cf. Lomayaktewa v. Hathaway, 520 F.2d 1324, 1325 (9th Cir. 1975) ("No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable").  The indispensability of contracting parties to litigation concerning their contract is eminently sensible.  When a court is called upon to interpret the terms of a contract and to evaluate whether the parties to the contract have breached those terms or upheld their respective responsibilities, the absence of one or more of the parties exposes the absent party to precisely the kind of risks that Rule 19(a)(2)(i) empowers courts to guard against.

In this case, Plaintiff alleges that Global Research breached its contract with Plaintiff, and that Schnellmann and von Planta should be held personally liable for Global Research's breach because the defendants used Global Research "to perpetrate a fraud upon the plaintiff."  (Compl. ¶ 39.)  Whether Global Research upheld its obligations under the Letter Agreement is thus the central question in Plaintiff's breach of contract claims, and Global Research, as the contracting party, and von Planta, as Global Research's signatory, are necessary parties to this dispute.  See, e.g., Prader, 2000 U.S. Dist. LEXIS 18666, at *14.

13

It is true that Plaintiff's claims in this case are not limited to the allegation that Global Research breached its contractual obligations, and the Court has considered the possibility that Plaintiff's contractual claim could be dismissed and his remaining claims against Schnellmann be permitted to proceed.  See Legal Aid Society v. City of New York, 114 F. Supp. 2d 204, 219 (S.D.N.Y. 2000) (noting that "courts regularly dismiss individual causes of action for failure to join an indispensable party while allowing other causes of action to proceed") (citing Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 520 (1947)).  However, it is clear that a finding that Global Research breached the Letter Agreement is a necessary factual predicate to all of Plaintiff's remaining claims.  The damage that Plaintiff alleges as the basis of his fraud, breach of fiduciary duty, and negligence claims is precisely the alleged failure of Global Research to comply with its contractually assumed obligation to pay Plaintiff for the shares of eVentures stock Plaintiff claims to have transferred to Global Research. (Compl. ¶¶ 26-45.)  Put another way, if the Court were to find that Global Research did not breach its obligations under the Letter Agreement, Plaintiff would not be able to recover under

his remaining fraud, breach of fiduciary duty, and negligence claims.[7]

In short, the Court finds that von Planta and Global Research are necessary parties to the instant litigation under Rule 19(a), and that the Court cannot rule on Plaintiff's remaining claims against Schnellmann without determining whether the absent parties have breached the Letter Agreement.

### C.   Joinder of von Planta and Global Research is not Feasible

Having determined that von Planta and Global Research are necessary parties to Plaintiff's case, the Court must assess whether joinder of the absent parties is feasible.  See Prader, 2000 U.S. Dist. LEXIS 18666, at *13.  The Court determined in its July 22, 2004 Opinion and Order that it lacks personal jurisdiction over von Planta and Global Research [Docket Items 13

---

[7]   While the fact that Schnellmann would bear full liability on claims premised on joint and several liability in the absence of von Planta and Global Research does not suffice to make the absentees necessary parties for Rule 19 purposes, General Refractories Co. v. First State Ins. Co., 500 F.3d 306, 314 (3d Cir. 2007), it is at least worth noting that Plaintiff draws special attention to the role that von Planta in particular played in the events underlying this case.  Plaintiff states in the complaint that it was "particularly defendant von Planta . . . [who] sent and made a series of 'lulling' communications" as to the defendants' intent to comply with the terms of the Letter Agreement.  (Compl. ¶ 24.)  The Court reiterates, however, that its determination as to whether von Planta and Global Research are necessary parties rests entirely on the Rule 19(a)(2)(i) consideration of the case's impact on the absentees' interests.

and 14].  The Court accordingly finds that joinder of von Planta
and Global Research is not feasible.

> **D.   Von Planta and Global Research are Indispensable
> Parties Under Rule 19(b)**

Once it is determined that an absentee is a necessary party
to the litigation and that joinder of the absent party is
unfeasible, Rule 19(b) requires that the Court assess "whether in
equity and good conscience the action should proceed among the
parties before it, or should be dismissed, the absent person
being thus regarded as indispensable."  F. R. Civ. P. 19(b).
Among the factors that Rule 19(b) lists as being relevant to this
determination are

> first, to what extent a judgment rendered in the
> person's absence might be prejudicial to the person or
> those already parties; second, the extent to which, by
> protective provisions in the judgment, by the shaping
> of relief, or other measures, the prejudice can be
> lessened or avoided; third, whether a judgment rendered
> in the person's absence will be adequate; fourth,
> whether the plaintiff will have an adequate remedy if
> the action is dismissed for nonjoinder.

<u>Id.</u>  The Court's consideration of these factors leads it to
conclude that von Planta and Global Research are indispensable to
this case and that it would be improper for Plaintiff's suit
against Schnellmann to proceed in their absence.

As to the first factor, it is evident that a judgment in
Plaintiff's favor would very likely be prejudicial to von
Planta's and Global Research's interests.  As the Court noted,
<u>supra</u>, a necessary factual predicate for any of Plaintiff's

16

claims against Schnellmann is a finding that Global Research breached the Letter Agreement.  Such a finding would inarguably have a prejudicial impact on the absentees' interests.  With regard to those interests, "[i]t is not necessary that any finding of liability on [the absentees'] part in this action be binding to show prejudice to the absent party" because the "practical prejudice exists to the absent party in the effect the case might have as precedent."  <u>Whyham v. Piper Aircraft Corp.</u>, 96 F.R.D. 557 (D.C. Pa. 1982) (citing, <u>inter</u> <u>alia</u>, <u>Provident Tradesmen Bank & Trust Co. v. Patterson</u>, 390 U.S. 102, 110 (1968)).  Particularly with this inclusive understanding of Rule 19(b) prejudice in mind, it would be implausible to assume that a ruling by this Court that Global Research  breached its contractual obligations to Plaintiff would not adversely impact von Planta's and Global Research's interests in the event of a future lawsuit against the absent parties.

Moreover, the Court is unaware of any means by which this risk of prejudice can be diminished.  F. R. Civ. P. 19(b). Plaintiff's claims against Schnellmann are inextricably intertwined with the question of whether the absentees breached the Letter Agreement, and no creative efforts to fashion suitable relief would enable the Court to sidestep the matter of Global Research's performance under the contract, which lies at the heart of Plaintiff's allegations.

The third factor of Rule 19(b) requires the Court to consider "whether a judgment rendered in the person's absence will be adequate," F. R. Civ. P. 19(b), and to assess "the extent to which exclusion of an interested person would leave significant matters unadjudicated." HB General Corp. v. Manchester Partners, L.P., 95 F.3d 1185, 1197 (3d Cir. 1996). As the Supreme Court has noted, "the Rule's third criterion . . . refer[s] to [the] public stake in settling disputes by wholes, whenever possible." Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 111 (1968). In this case, Rule 19(b)'s third criterion weighs heavily in favor of finding the absentees indispensable. As the Court explained, supra, if Plaintiff's case against Schnellmann were permitted to proceed, the Court would be forced to analyze parties performance under the Letter Agreement even though it could not issue a binding order as to the breach of contract claim in the absence of one of the contracting parties. It is almost inevitable, therefore, that following Plaintiff's case against Schnellmann, there would need to be a second litigation on the contract itself between Plaintiff and Global Research and von Planta. The risk of successive litigation suggested here is not simply "the mere fact that [a] defendant might be required to defend multiple actions," Bank of America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates, 844 F.2d 1050, 1054 (3d Cir. 1988), because the

18

inconvenience imposed as a result of bringing two cases to address the same controversy extends beyond Schnellmann. Witnesses, for example, would be required to testify in at least two fora.  The considerations of judicial economy that Rule 19(b)'s third factor instructs courts to evaluate weighs in favor of dismissal in order to avoid the inefficient, piecemeal disposition of Plaintiff's claims.

Of Rule 19(b)'s factors, the fourth consideration – "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder" – is the only factor that does not militate strongly in favor of dismissal.  F. R. Civ. P. 19(b). Schnellmann has maintained from the beginning of this lawsuit that Switzerland offers an adequate alternative forum for Plaintiff to pursue his claims.  When Schnellmann moved to dismiss this case on forum non conveniens grounds, the Court noted in its June 20, 2006 Opinion [Docket Item 37] that Schnellmann had not provided sufficient evidence of the adequacy of Swiss fora for Plaintiff to pursue his claims.  The Court is troubled by the fact that Schnellmann once again argues in favor of adequacy of Swiss courts without providing evidence, such as affidavits by Swiss attorneys or legal experts attesting to the adequacy of Swiss Courts, which would resolve the adequate forum question and which the Court noted was lacking in Schnellmann's previous submission.  See <u>Kultur Intern. Films Ltd. v. Covent</u>

Garden Pioneer, FSP., Ltd., 860 F. Supp. 1055, 1064 (D.N.J. 1994).

For the following reasons, however, the Court finds that the fourth Rule 19(b) factor does not require Plaintiff's case to proceed in this forum in the absence of necessary parties. First, in contrast with the doctrine of forum non conveniens, under which the proof of an adequate alternative forum is absolutely indispensable, under Rule 19(b), "[a]lthough the absence of an alternative forum creates a sympathetic climate for the federal court continuing the action, it should be remembered that this is only one of many factors to be considered." 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1608 (3d ed. 2001). In light of the Court's findings, supra, regarding the other Rule 19(b) factors, the adequacy of Swiss courts is an important but not dispositive consideration to the motion presently under consideration.

Moreover, the Court is convinced that two developments since the Court issued its June 20, 2006 Opinion and Order indicate that Switzerland is an appropriate forum for Plaintiff to pursue this case. First, while Schnellmann sought to prove the adequacy of Swiss courts with decades-old case law in his earlier forum non conveniens argument, the Court notes that multiple cases decided following this Court's issuance of its June 20, 2006 Opinion indicate that Switzerland is indeed an adequate

20

alternative forum whose courts are receptive to litigants' tort and contract claims.[8]   See, e.g., LaSala v. UBS, AG, 510 F. Supp. 2d 213 (S.D.N.Y. 2007); Do Rosario Veiga v. World Meteorological Organisation, 486 F. Supp. 2d 297, 304 (S.D.N.Y. 2007) (noting that "Switzerland is an adequate forum for adjudication of civil disputes involving common law claims based on contract and tort principles").

Second, the course this case has taken in the wake of the June 20, 2006 Opinion and Order convinces the Court that litigating this dispute in the present forum has been difficult not only for the defendants but for Plaintiff as well, which suggests that Switzerland is not only adequate, but superior, as a forum for this action.  In its June 20 Opinion, the Court expressed its concerns over whether "the transfer of this matter to a court in Switzerland will do anything more than simply

---

[8]   The parties have raised the possibility that Plaintiff might not be able to pursue one of his fraud claims – namely, his allegation that the defendants committed securities fraud in violation of 15 U.S.C. § 78j – in Swiss courts.  (Def. Br. 12.) While again emphasizing that the alternative forum analysis under Rule 19(b) is more flexible than under the doctrine of forum non conveniens, see 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1608 (3d ed. 2001), the Court notes that the mere fact that an alternative forum's substantive law might be less friendly to the plaintiff does not in itself render the alternative forum inadequate.  See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254-55 (1981) ("Although the relatives of the decedents may not be able to rely on a strict liability theory, and although their potential damages award may be smaller, there is no danger that they will be deprived of any remedy or treated unfairly.").

transfer the inconvenience of litigating this matter in a foreign jurisdiction from Schnellmann to Fiscus" [Docket Item 37].  While it remains clear to the Court that litigating this dispute in this forum continues to be inconvenient to Schnellmann, this forum does not appear to have proven particularly convenient to Plaintiff either.  As the Court noted in its August 10, 2007 Opinion [Docket Item 73], between January 2007 and May 2007, Plaintiff spent five months unsuccessfully trying to depose Schnellmann, and when a dispute arose regarding the location of the deposition, Plaintiff failed to move the Court to compel the deposition or indeed to take any meaningful action apart from requesting more time to attempt to arrange Schnellmann's deposition.  It appears that litigating the case in this jurisdiction when all parties and witnesses, apart from Plaintiff, are in Switzerland has proven inconvenient to Plaintiff as well as the defendants, which suggests that Switzerland is not just an adequate forum, but a preferable one, for Plaintiff's case.  The Court accordingly finds that Rule 19(b)'s final factor, "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder," weighs in favor of dismissal.

    With all four considerations listed under Rule 19(b) indicating that Plaintiff's case should not proceed before this Court in the absence of necessary parties over whom this Court

lacks jurisdiction, the Court finds that the absent parties are indispensable to this litigation and that "in equity and good conscience" Plaintiff's case cannot proceed in their absence.

## IV.  CONCLUSION

Having concluded that von Planta and Global Research are necessary parties to this case within the meaning of Rule 19(a) and that they are indispensable to the case under Rule 19(b), the Court will dismiss Plaintiff's claims against Schnellmann.

The accompanying Order will be entered.


**November 20, 2007**                          **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                               United States District Judge

23